# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0213. THE STATE v. BRIENZA.**

Pursuant to OCGA § 5-7-1 (a), the State filed a notice of appeal from the trial court's order granting a motion in limine on April 10, 2017. On July 13, 2017, Brienza moved to dismiss the State's notice of appeal based upon its failure to cause the transcript to be filed within 30 days. See OCGA §§ 5-6-42. On July 24, 2017, the trial court scheduled a hearing on Brienza's motion to dismiss to be held on August 9, 2017.

On July 28, 2017, the court reporter prepared an excerpt of the trial transcript and filed it in the trial court clerk's office on August 1, 2017. The trial court clerk then transmitted the record and transcript to this court, and this appeal was docketed in this Court on August 22, 2017.

On August 23, 2017, the State moved this Court to remand this case to the trial court for the entire transcript to be prepared and filed with the trial court clerk. According to the State, the trial court clerk's office "mistakenly forwarded the record to this [C]ourt without the entire transcript." Brienza objects to remanding this case on the ground that the State failed to ask for an extension of the 30-day time period within which to file the transcript.

On September 1, 2017, Brienza moved to dismiss the State's appeal on the following grounds: (1) the State failed to ask for an extension of time to file the transcript pursuant to OCGA §§ 5-6-39 (a) (3) and 5-6-42; and (2) the State caused unreasonable delay, authorizing dismissal of the appeal under OCGA § 5-6-48 (c). In this motion, Brienza asserts that his motion to dismiss in the trial court "was not heard or ruled upon prior to the Record's (sic) being transmitted to this Court." In its

objection to the motion to dismiss, the State asserts that the trial court denied Brienza's motion to dismiss "on the grounds that it had no jurisdiction because the case had already been docketed by the Court of Appeals." A copy of this order does not appear in the record before us.

On September 6, 2017, the State moved this Court for an extension of time to file its brief based upon its pending motion to remand this case to the trial court. On September 15, 2017, Brienza filed a second motion to dismiss based upon the State's failure to timely file a brief.

We first resolve Brienza's motion to dismiss the State's appeal based upon its delay in obtaining the transcript and its failure to seek an extension of time to file the transcript. It is well-established that this Court lacks authority to dismiss appeals based upon delays in the filing of a transcript. See OCGA § 5-6-48 (c) ("No appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court"). Additionally, Court of Appeals Rule 20 provides:

> Appellee shall be deemed to have waived any failure of the appellant to comply with the provisions of the Appellate Practice Act relating to the filing of the transcript of the evidence and proceedings or transmittal of the record to this Court, unless objection thereto was made and ruled upon in the trial court before transmittal and the trial court's order is appealed as provided by law.

Accordingly, we hereby DENY Brienza's Motion to Dismiss Appeal filed on September 1, 2017.

With regard to the State's Motion for Remand, it appears that the record in this case was transmitted to this Court in error before the transcript was complete. We therefore GRANT the State's Motion to Remand this case to the trial court. Nothing in this order, however, shall prevent either party from filing additional motions below regarding the completion of the transcript. Nor should it be construed as requiring the transmittal of the complete transcript to this Court.

Brienza's Motion to Dismiss Appeal filed on September 15, 2017, and the State's Motion for an Extension of Time are hereby DENIED as moot.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  10/03/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*